Case 1:26-cv-00039   Document 4   Filed 01/29/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 29, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JOEL HERVE NZOLANI,** | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 1:26-cv-039 |
| | § | |
| **MIGUEL VERGARA**, *et al.*, | § | |
| Respondents, | § | |

## ORDER

Before the Court is Petitioner Joel Herve Nzolani's "Petition for Writ of Habeas Corpus" (Nzolani's "§ 2241 Petition"). Dkt. No. 1. Nzolani, a citizen of Congo, claims that his detention violates the Fifth Amendment's Due Process Clause and the Immigration and Nationality Act. *Id.* at 3, 7–8.

It does not plainly appear from the § 2241 Petition that Nzolani is not entitled to the requested relief. Nzolani's allegations, taken together, suffice to raise genuine questions as to whether his continued detention violates federal law and the United States Constitution. Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days. *Id.*

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court.

*Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Southern District of Texas applies the immediate custodian rule to habeas petitions involving immigration detainees. *Alexis v. Sessions*, No. H-18-1923 2018, WL 5921017 at *4 (S.D. Tex. 2018) (Rosenthal, J.) (dismissing "claims against Sessions, Nielsen, Homan, Contreras, and Hartnett" because they were remote supervisory officials, not the petitioner's custodian). The Court, then, notes that the proper respondent is the custodial officer of the facility where Nzolani is detained. *See Rumsfeld*, 542 U.S. at 435.

      Here, Nzolani is held at Port Isabel Detention Center ("PIDC") in Los Fresnos, Texas. Dkt. No. 1 at 3. Nzolani's custodian then, would appear to be the warden of PIDC. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action); *da Silva v. Nielsen*, 5:18-mc-00932, 2019 WL 1328461 at *6 (S.D. Tex. 2019) (Saldaña, J.) (dismissing petitioner's claims against Nielsen, Bible, Cerna, Vitiello, and Whitaker "because they [were] remote supervisory officials, not [p]etitioner's custodian"). *Bonitto v. Bureau of Immigration and Customs Enforcement*, 547 F.Supp.2d 747, 749, 751 (S.D. Tex. 2008) (Tagle, J.) (noting that the proper respondent was the warden of Port Isabel Detention Center, not Immigration and Customs Enforcement); *Cabrera-Hernandez v. Bondi*, 5:25-cv-197, 2025 WL 3684694 at *1 n.1 (S.D. Tex. 2025) (Marmolejo, J.) (noting that the proper respondent was the warden who had custody over petitioner); *Salmon v. Bureau of Immigration and Customs Enforcement*, 1:08-cv-003, 2008 WL 11395491 at *1–2 (S.D. Tex. 2008) (Recio, J.) (Report and Recommendation adopted by Tagle, J.)

(noting that the proper respondent was the warden of Port Isabel Detention Center where petitioner was detained). However, it is unclear from the filings, as to who is currently the warden of PIDC.

It is **ORDERED** that the Government has **20 days** from service of Nzolani's § 2241 Petition to state why the writ of habeas corpus should not issue. In its response, the Government must explain why all other respondents other than the warden of PISPC should not be terminated in this action. If Nzolani chooses to file a reply to the Government's response, he must do so within **15 days** of receiving the Government's response. Nzolani and the Government are **DIRECTED** to inform the Court of who the warden of PIDC is.

**SIGNED** on this **29th** day of **January, 2026**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**